UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | | Case No. 3:22-cv-00290-ART-CSD |
| | Plaintiff, | SCREENING ORDER |
| v. | | |
| SLAVE-NOOSE, *et al.*, | | |
| | Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1. 1.)  The matter of the filing fee will be temporarily deferred.  The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

1

1   In addition to the screening requirements under § 1915A, pursuant to the
2   Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's
3   claim, if "the allegation of poverty is untrue," or if the action "is frivolous or
4   malicious, fails to state a claim on which relief may be granted, or seeks monetary
5   relief against a defendant who is immune from such relief."   28 U.S.C. §
6   1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief
7   can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the
8   court applies the same standard under § 1915 when reviewing the adequacy of a
9   complaint or an amended complaint.  When a court dismisses a complaint under
10  § 1915(e), the plaintiff should be given leave to amend the complaint with
11  directions as to curing its deficiencies, unless it is clear from the face of the
12  complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
13  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See*
15  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal
16  for failure to state a claim is proper only if it is clear that the plaintiff cannot
17  prove any set of facts in support of the claim that would entitle him or her to
18  relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this
19  determination, the court takes as true all allegations of material fact stated in the
20  complaint, and the court construes them in the light most favorable to the
21  plaintiff.   *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).
22  Allegations of a *pro se* complainant are held to less stringent standards than
23  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).
24  While the standard under Rule 12(b)(6) does not require detailed factual
25  allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell*
26  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the
27  elements of a cause of action is insufficient.  *Id.*
28  ///

1    Additionally, a reviewing court should "begin by identifying pleadings

2    [allegations] that, because they are no more than mere conclusions, are not

3    entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

4    "While legal conclusions can provide the framework of a complaint, they must be

5    supported with factual allegations." *Id.* "When there are well-pleaded factual

6    allegations, a court should assume their veracity and then determine whether

7    they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

8    complaint states a plausible claim for relief . . . [is] a context-specific task that

9    requires the reviewing court to draw on its judicial experience and common

10   sense." *Id.*

11   Finally, all or part of a complaint filed by a prisoner may therefore be

12   dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law

13   or in fact. This includes claims based on legal conclusions that are untenable

14   (e.g., claims against defendants who are immune from suit or claims of

15   infringement of a legal interest which clearly does not exist), as well as claims

16   based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See*

17   *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932

18   F.2d 795, 798 (9th Cir. 1991).

19   **II.    SCREENING OF COMPLAINT**

20   The Court dismisses Plaintiff's complaint without prejudice and with leave

21   to amend because complaint does not comply with the District of Nevada's Local

22   Rules of Practice. Nevada Local Rule of Practice IA 10-1(a)(1)-(3) provides that a

23   filed document cannot contain more than 28 lines of text per page, the text size

24   must be size 12 font or larger, and handwriting must be legible. Many pages in

25   the complaint include more than 28 lines of text per page, and the handwriting

26   is at times very small and very difficult to read.

27   The Court notes that Plaintiff has been informed of these requirements

28   multiple times. *See e.g. Johnson v. Garofalo, et al.*, 3:21-cv-00239-MMD-CLB

1   ECF No. 20 at 1; *Johnson v. LCC, et al.*, 2:20-cv-01832-ART-NJK ECF No. 5 at 6.

2   These requirements are meant to ensure that the Court and the Defendants can

3   read and understand the complaint.   The Court recognizes that Plaintiff is

4   proceeding pro se, and the Court will do its best to liberally construe the

5   complaint.   But if the Court cannot read and understand the allegations in the

6   complaint, then the Court cannot screen the complaint, and the Defendants

7   cannot respond to the complaint.

8         In any amended complaint, Plaintiff should pay particular attention to the

9   legibility of the allegations.   The Court will not dismiss an amended complaint

10  because it inadvertently includes 29 or 30 lines on a page instead of the

11  maximum of 28.   But if the Court cannot read Plaintiff's allegations, then the

12  Court cannot screen any amended complaint to determine whether there are any

13  colorable claims.

14  **III.    LEAVE TO AMEND**

15        Plaintiff is granted leave to file an amended complaint to cure the

16  deficiencies of the complaint.   If Plaintiff chooses to file an amended complaint,

17  he is advised that an amended complaint supersedes (replaces) the original

18  complaint and, thus, the amended complaint must be complete in itself.   *See Hal*

19  *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.

20  1989) (holding that "[t]he fact that a party was named in the original complaint

21  is irrelevant; an amended pleading supersedes the original"); *see also Lacey v.*

22  *Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims

23  dismissed with prejudice, a plaintiff is not required to reallege such claims in a

24  subsequent amended complaint to preserve them for appeal).   Plaintiff's amended

25  complaint must contain all claims, defendants, and factual allegations that

26  Plaintiff wishes to pursue in this lawsuit.   Moreover, Plaintiff should file the

27  amended complaint on this Court's approved prisoner civil rights form, and it

28  must be entitled "First Amended Complaint."

1   The Court notes that if Plaintiff chooses to file an amended complaint

2   curing the deficiencies, as outlined in this order, Plaintiff will file the amended

3   complaint within 30 days from the date of entry of this order.  If Plaintiff chooses

4   not to file an amended complaint, this case will be dismissed without prejudice.

5   **IV.    CONCLUSION**

6   It is therefore ordered that  a decision on the application to proceed *in forma*

7   *pauperis* (ECF No. 1) is deferred.

8   It is further ordered that the Clerk of the Court file Plaintiff's complaint

9   (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

10   It is further ordered that the complaint is dismissed in its entirety without

11   prejudice and with leave to amend.

12   It is further ordered that, if Plaintiff chooses to file an amended complaint

13   curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file

14   the amended complaint within 30 days from the date of entry of this order.

15   It is further ordered that the Clerk of the Court will send to Plaintiff the

16   approved form for filing a § 1983 complaint and instructions for the same.  If

17   Plaintiff chooses to file an amended complaint, he should use the approved form

18   and he will write the words "First Amended" above the words "Civil Rights

19   Complaint" in the caption.

20   It is further ordered that, if Plaintiff fails to file an amended complaint

21   curing the deficiencies outlined in this order, this action will be dismissed without

22   prejudice.

23

24   DATED THIS 27th day of September 2022.

25

26

27   _____

ANNE R. TRAUM
28   UNITED STATES DISTRICT JUDGE

5